### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HUGG AND HALL EQUIPMENT COMPANY, United States of America for the Use and Benefit of,<br><br>Plaintiff,<br><br>v.<br><br>PENN CONSTRUCTION GROUP, INC., a Texas Corporation; KORTE CONSTRUCTION COMPANY, a Missouri Corporation, doing business as The Korte Company; OLD REPUBLIC SURETY COMPANY, a Wisconsin corporation; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-23-00578-JD |

### ORDER

Before the Court is Plaintiff Hugg and Hall Equipment Company's ("Plaintiff") Response to the Court's Order to Show Cause ("Response") [Doc. No. 7]. The Court previously ordered Plaintiff to show cause why it had not timely served Defendants under Federal Rule of Civil Procedure 4(m). [Doc. No. 6]. Plaintiff timely responded, explaining that Plaintiff "has accomplished service on three of the four Defendants" and that "Plaintiff is hiring a constable in the State of Texas not later than October 18, 2023 in order to accomplish service" on the remaining Defendant, Penn Construction Group, Inc., upon which Plaintiff had previously attempted, but been unable, to effectuate service.

Response at 1–2. As discussed below, the Court extends the deadline for Plaintiff to serve

Defendant Penn Construction Group, Inc. to sixty (60) days from today.

## DISCUSSION

District courts in the Tenth Circuit "employ a two-step analysis for dismissal

pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir.

2003) (unpublished). First, if the plaintiff shows good cause for the failure to timely serve

a defendant, the Court must extend the deadline for an "appropriate period." *Espinoza v.*

*United States*, 52 F.3d 838, 841 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)). Second,

"[i]f the plaintiff fails to show good cause, the district court must still consider whether a

permissive extension of time may be warranted." *Id.* In making this determination, the

Court should consider several factors, including whether "the applicable statute of

limitations would bar the refiled action"; whether the plaintiff tried to follow "the

complex requirements of multiple service" when serving the United States, its agencies,

or employees; and whether there is reason to protect a pro se plaintiff "from

consequences of confusion or delay attending the resolution of an in forma pauperis

petition." *Id.* at 842 & n.8 (citation and internal quotation marks omitted).

Without opining on whether the Response shows good cause for a mandatory

extension, *cf. id.* at 841 (citing cases where no good cause shown), the Court finds that

the Response fits the criteria for a permissive extension of the deadline for service on the

remaining Defendant. Accordingly, the Court finds that a permissive extension of sixty

(60) days from today is appropriate to effectuate service on the remaining Defendant.

## CONCLUSION

Plaintiff's deadline to serve Defendant Penn Construction Group, Inc. is **EXTENDED** to **sixty (60) days** from the entry of this Order. By **December 19, 2023,** Plaintiff must file a written proof of service or executed waiver of service in conformance with Rule 4. Failure to comply with this Order and with the requirements of Rule 4 may result in the dismissal of Defendant Penn Construction Group, Inc. without prejudice and without further show-cause orders from the Court.

IT IS SO ORDERED this 20th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE